IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY J. DIANA : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | NO. 3:13-cv-02297-ARC |
| : | |
| PEERESS INDEMNITY INSURANCE : | |
| COMPANY : | |
| : | |
| Defendant. : | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS
## IN SUPPORT OF MOTION FOR PARTIAL
## SUMMARY JUDGMENT OF DEFENDANT

Defendant, Peerless Indemnity Insurance Company ("Defendant" and/or "Peerless"), by and through its counsel, Marshall, Dennehey, Warner, Coleman & Goggin, respectfully submits this Statement of Undisputed Material Facts In Support of its Motion for Summary Judgment.

1. On December 7, 2011, Plaintiff, Anthony Diana, was involved in a motor vehicle accident in Moscow, Lackawanna County, Pennsylvania.

2. Plaintiff contends that the accident occurred when his vehicle was struck head-on by a vehicle being operated by Brian Finnerty after he had made an illegal u-turn. (Exhibit "A", Plaintiff's Complaint, ¶¶4-7).

3. Plaintiff alleges that he sustained various injuries in the accident, including, but not limited to, severe post-traumatic headaches, cervical

radiculopathy and cervical spasms, post-traumatic stress disorder and lumbar strains and sprains. (Exhibit "A", ¶ 9). (A copy of Plaintiff's deposition transcript will be marked as Exhibit "C". We will request the Court's leave to file this Exhibit under seal.)

4. At the time of the accident, Plaintiff was the named insured under policy number 33P W515485 (the "Policy") issued by Peerless, providing certain coverages for the period December 10, 2010 to December 10, 2011. (Exhibit "B", Answer to Plaintiff's Complaint With Affirmative Defenses, ¶16).

5. This Policy included non-stacked Underinsured Motorists ("UIM") coverage in the amount of $50,000.00 Each Person and $100,000 Each Accident. (A copy of the Policy's declaration page is attached hereto as Exhibit "D").

6. Mr. Finnerty was insured under a Travelers Insurance automobile insurance policy with $100,000.00 policy limits at the time of the accident. Plaintiff settled his claim with Travelers for $100,000.00. (Exhibit "A", ¶¶14). (Exhibit "B", ¶¶14).

7. Plaintiff made a claim for First Party ("PIP") medical benefits in connection with the December 7, 2011 accident. Plaintiff's claim was paid and the PIP benefits available under the Policy were exhausted.

8. In a letter dated February 7, 2013, Plaintiff initiated a claim for UIM benefits under the Policy in connection with the December 7, 2011 motor vehicle

accident. (Exhibit "A", ¶24), (Exhibit "B", ¶¶24) (A copy of relevant portions of Peerless' claim file relating to this matter will be marked as Exhibit "E", PIIC 0392. We will request the Court's leave to file this Exhibit under seal.)

9. The February 7, 2013 letter alleged that Mr. Diana "continues to be unemployed because of his injuries" and that he has continued to seek treatment "for the injuries to his neck, back and head." (Exhibit "E", PIIC 0392).

10. Peerless proceeded promptly with the handling and investigation of Plaintiff's UIM claim.

11. Plaintiff's UIM claim was considered in view of the language of the Policy and the facts determined during the investigation of the claim.

12. Peerless made an offer of $2,500.00 to settle Plaintiff's UIM claim and this offer was rejected. (Exhibit "A", ¶37). (Exhibit "B", ¶¶37).

13. While there is no dispute as to liability for the accident, the parties disagree as to the extent of Plaintiff's alleged injuries and the value of his UIM claim.

14. Plaintiff commenced this action against Peerless by Complaint filed on August 6, 2013 in the Court of Common Pleas of Lackawanna County, Pennsylvania. The Complaint was served on or about August 13, 2013.

15. Defendant removed the case to this Court and filed an Answer to Plaintiff's Complaint With Affirmative Defenses on October 10, 2013. (Exhibit "B").

16. In this action, Plaintiff asserts that Defendant breached the provisions of the Policy and seeks payment of UIM benefits. (Exhibit "A", Count I, ¶¶38-44).

17. Plaintiff further contends that Defendant engaged in bad faith conduct in the handling of his UIM claim, including, *inter alia*, failing to objectively and fairly evaluate his claim, failing to promptly offer reasonable payment to the Plaintiff and failing to reasonably and adequately evaluate or review the medical documentation in defendant's possession. (Exhibit "A", Count II, ¶¶45-50).

18. Defendant denies that it engaged in bad faith conduct as alleged by Plaintiff or in any manner whatsoever. (Exhibit "B", ¶¶45-50). Defendant further avers that Plaintiff's UIM claim has been handled in a proper and reasonable manner. (Exhibit "B", ¶¶42, 46, 48).

19. Mr. Diana alleges that, as a result of the December 7, 2011 accident, he suffers from; *inter alia*, headaches, neck pain and lower back pain. He further contends that, as a result of the accident, he has suffered loss of income and a loss of earning capacity.

20. Discovery was conducted in this case, including, but not limited to: the exchange of written discovery and documents by the parties; review and

analysis of medical records regarding Plaintiff's treatment in connection with injuries allegedly sustained in the incident in question; the deposition of Plaintiff; and an Independent Medical Examination ("IME") by neurologist Seth M. Jones, M.D. on April 28, 2014. Defendant also submitted subpoenas to Plaintiff's medical care providers.

21. During his deposition, Mr. Diana testified regarding the injuries allegedly sustained in the accident of December 7, 2011 and the treatment received by him in connection with those injuries. (Exhibit "C").

22. Mr. Diana testified that he was treated the scene of the accident by Emergency Medical Technicians ("EMT") and taken to Geisinger Community Medical Hospital ("Geisinger") for treatment. (Exhibit "C", pp. 69-72).

23. Plaintiff was admitted to Geisinger with complaints of abdominal pain, lower back and right extremity pain. Mr. Diana denied loss of consciousness and neck pain. (Exhibit "E", PIIC 1140-PIIC 1141).

24. Mr. Diana underwent various radiological examinations at Geisinger, including a CT scan of the cervical spine which revealed that he had pre-existing, degenerative disc disease. He was treated for abrasions and contusions and was discharged with instructions to follow-up with his primary care provider.

25. Plaintiff followed-up with his primary care provider, Dr. Kurt Moran on December 13, 2011 and he was given a prescription for Ibuprofen and Vicoden.

There is no indication in the records produced that Mr. Diana was referred for physical therapy or any other follow-up care.

26. Mr. Diana presented to Vitalink Chiropractic on December 20, 2011 complaining of pain in the neck and lower back. He was referred to three treatments per week for a period of four weeks. (Exhibit "E", PIIC 0209).

27. During his deposition, Plaintiff admitted that he had a history of lower back and neck pain that pre-dated the December 7, 2011. (Exhibit "C", pp. 108-109).

28. Mr. Diana testified that, at least eight months prior to the December 7, 2011 accident, he had been receiving chiropractic care from Vitalink Chiropractic and that he had been prescribed at TENS unit. He stated that this treatment was as a result of severe neck pain in the lumbar and cervical region stemming from pre-existing injuries. (Exhibit "C", p. 106-109).

29. Plaintiff alleges that he has also been treated by Cheng Ping who specializes in Qigong, a form a Chinese meditation healing. (Exhibit "C", pp.25-32). Plaintiff, however, has not produced any supporting documents during the course of discovery regarding the treatment allegedly rendered to him by Mr. Ping.

30. Mr. Diana also testified regarding his employment history and admitted that he has not been employed in any capacity since, at the latest, 2007. (Exhibit "C", p. 118).

31. Further, Plaintiff has not taken any action since the accident of December 7, 2011 to return to his alleged pre-accident profession of being a photographer and model nor has he sought employment in any other capacity. (Exhibit "C", p. 146-149).

32. On April 28, 2014, Seth M. Jones, M.D., a board-certified neurologist, performed an IME of Plaintiff. (A copy of Dr. Jones' report with regard to this examination is attached will be marked as Exhibit "F". We will request the Court's leave to file this Exhibit under seal.)

33. As stated in his report dated July 23, 2013, Dr. Jones found that, with regard to Mr. Diana's alleged cervical/neck injuries,

> it is clear from the records of his chiropractor that there were significant symptoms in his neck and back in the weeks and months before the accident. His family doctor's records also indicate back pain with numbness in his feet before the accident. An office note from October 5, 2011 indicates that he needed an EMG nerve conduction study of his upper and lower extremities. Clearly he had not made a complete recovery from his previous symptoms before the accident.

("Exhibit "F", p. 13).

34. With regard to Plaintiff's employment history, Dr. Jones notes that

> by the time Mr. Diana is seen by Dr. Dhaduk [a neurologist], it is stated that he works as a photographer, but is having difficulties because of the accident. At the time of the accident, his occupation is listed as "unemployed" on admissions to the CMC ER. His initial evaluation at Vita-link does list photographer as his

occupation. In my interview with Mr. Diana, I had a difficult time getting a clear understanding of what work he did. He did not report to me that he had a photography business.

(Exhibit "F", p. 11).

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

BY: _____
WILLIAM C. FOSTER, ESQUIRE
HELGA P. SPENCER, ESQUIRE
PA Attorney ID Nos. 03511/314632
2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-4551/ 215-575-0856 (F)
wcfoster@mdwcg.com
hpspencer@mdwcg.com
*Attorneys for Defendant*

Dated:  6/2/14

01/10428802.v1